UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Timothy P. Koenck,                                 Case No. 4:23-cv-00947

        Petitioner

v.                                              MEMORANDUM OPINION
                                               AND ORDER

Acting Warden J. Bolar, et al.,

        Respondents

*Pro se* petitioner Timothy P. Koenck, a federal inmate currently incarcerated at FCI Elkton, has filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. No. 1).

For the reasons stated below, I find the petition must be dismissed.

### I. BACKGROUND

The petition contains very few facts. But it appears that Petitioner was charged with a violation of prison rules. Petitioner alleges that he did not receive a copy of the incident report and he did not receive an opportunity to defend himself. He also states that there was no disciplinary hearing. As a result of the alleged violation, Petitioner was sanctioned with the loss of television and commissary privileges. Petitioner alleges, therefore, that Respondents violated his due process rights.

### II. STANDARD OF REVIEW

Habeas corpus is available to prisoners seeking relief from unlawful imprisonment or custody. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the

Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting Section 2241(c)).

Federal district courts must conduct an initial review of habeas corpus petitions. *See* 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). And the Court must summarily dismiss a petition if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 (applicable to Section 2241 petitions under Rule 1(b)); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding that district courts have a duty to "screen out" petitions lacking merit on their face under Section 2243).

A *pro se* petitioner's habeas petition is liberally construed. *See Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985).

### III. ANALYSIS

Before determining whether the procedures provided to Petitioner regarding prison disciplinary action were adequate, the Court must first determine whether the interest at stake invoked constitutional protections. Prisoners have narrower liberty and property interests than other citizens as "lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Sandin v. Conner*, 515 U.S. 472, 485, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995). The question of what process is due is answered only if the inmate establishes a deprivation of a constitutionally protected liberty or property interest. *Wilkinson v. Austin*, 545 U.S. 209, 221, 125 S. Ct. 2384, 162 L. Ed. 2d 174 (2005).

The Due Process Clause, standing alone, confers no liberty or property interest in freedom from government action taken within the sentence imposed. *Sandin*, 515 U.S. at 480. "Discipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law." *Id.* at 485. Generally, unless the disciplinary action is accompanied by a withdrawal of good time credits or is for a significant period of time that presents

an unusual hardship on the inmate, no liberty or property interest will be found in the case. *Sandin*, 515 U.S. at 484. If there is no protected liberty or property interest at stake, the prison need not provide the inmate with a hearing that meets due process requirements.

Here, the sanctions imposed for the purported conduct violation did not include the loss of good time credit. And Petitioner does not allege that he was sanctioned for a period of time that imposed a significant hardship. There is no liberty or property interest in television or commissary privileges. *See Harris v. Farley*, No. 4:11 CV 0619, 2011 U.S. Dist. LEXIS 66500, at *4 N.D. Ohio (June 21, 2011); *Aybar v. Gunja*, No. 4:08 CV0286, 2008 U.S. Dist. LEXIS 44077, at *8 (N.D. Ohio June 3, 2008). Thus, no constitutional deprivations are implicated as a result of his temporary loss of those privileges. Petitioner was therefore not denied due process when those sanctions were imposed without a hearing or the receipt of an incident report.

## IV. CONCLUSION

Accordingly, Petitioner's application to proceed *in forma pauperis* (Doc. No. 2) is granted. And the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 is denied and this action is dismissed pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Habeas Corpus Cases. Additionally, Petitioner's "motion for relief" (Doc. No. 3) is denied as moot.

Further, I certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge